UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAWN YOUNT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:12 CV 186 LMB |
| STODDARD COUNTY, CARL HEFNER, and BRINEY WELLBORN, | ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff has filed this action alleging violation of his constitutional rights under 42 U.S.C. § 1983. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties. See 28 U.S.C. § 636(c).

Presently pending before the court is Defendants' Joint Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. No. 19). Plaintiff has filed a Response (Doc. No. 21), and defendants have filed a Reply (Doc. No. 23). Also pending is the parties' Joint Motion to Vacate the Referral of this Case to Alternative Dispute Resolution. (Doc. No. 29).

**Background**

On November 9, 2012, plaintiff filed a "Petition for Civil Rights and Damages Due to Malicious Prosecution" against Stoddard County, Missouri, Stoddard County Sheriff Carl Hefner, and former Stoddard County Prosecuting Attorney Joe Briney Welborn[1] for alleged violations of plaintiff's Sixth Amendment rights pursuant to 42 U.S.C. § 1983. (Doc. No. 1) ("Complaint"). Defendants filed a Motion for a More Definite Statement, in which they argued that the factual

---

[1]The First Amended Complaint named Briney "Wellborn." The correct spelling of this defendant's name is used in this Memorandum and Order.

allegations set forth in plaintiff's Complaint were unintelligible and failed to provide defendants with sufficient notice of the claims being asserted against them. (Doc. No. 10). On April 2, 2013, the court granted defendants' motion, and directed plaintiff to file a First Amended Complaint by April 22, 2013. (Doc. No. 17).

Plaintiff filed an "Amended Petition for Civil Rights and Damages Due to Malicious Prosecution" ("First Amended Complaint") on April 15, 2013. (Doc. No. 18). In his First Amended Complaint, plaintiff states he was an inmate in the Stoddard County Jail from July 2010 to April 2011. Plaintiff alleges that Carl Hefner "and or his deputies" planted evidence on plaintiff, which were recovered items from another defendant, "at or near June 23, 2010 to July 6, 2010." (First Amended Complaint, ¶ 8). Plaintiff states that Defendant Briney Welborn prosecuted plaintiff for these actions when he knew the allegations were not true "from July 14, 2010 to July 19, 2012." (Id. at ¶ 9). Plaintiff further states that "[a]s a result of [his] confinement in the Stoddard County [Jail] and but for his confinement in the Stoddard County Jail, he contracted Hepatitis C February or March 2011 and neuropathy October 2010." (Id. at ¶ 10). Plaintiff alleges that Defendant Hefner planted illegal evidence on him in order to confine him, and Defendant Welborn maliciously prosecuted him knowing that the evidence was illegally planted, in violation of the Sixth Amendment. (Id. at ¶ 15).

On May 2, 2013, defendants filed a Joint Motion to Dismiss Plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. (Doc. No. 19).

**Legal Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide

2

specific facts in support of her allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," id. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Twombly, 550 U.S. at 555-56; Fed. R. Civ. P. 8(a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 129 S. Ct. at 1949-50 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations. Id. at 1950. The plausibility of the plaintiff's claim is reviewed "as a whole, not the plausibility of each individual allegation." Zoltek Corp. v. Structural Polymer Group, 592 F.3d 893, 896 n.4 (8th Cir. 2010).

**Discussion**

In their motion to dismiss, defendants argue that plaintiff's Sixth Amendment claim against Defendant Hefner fails to state a claim upon which relief can be granted because he does not invoke any rights protected by the Sixth Amendment. Defendants also contend that plaintiff's allegations against Defendant Hefner are conclusory and are insufficient to state a plausible claim for relief under any legal theory. Defendants further argue that any claim that Defendant Hefner is liable in his individual capacity based on his deputies allegedly planting evidence on plaintiff or the conditions of confinement at the Stoddard County Jail fails to state claims upon which relief can be granted because there is no vicarious liability under § 1983. Defendants next argue that plaintiff's conditions of confinement claim fails to state a claim upon which relief can be granted because plaintiff failed to allege that any condition at the Stoddard County Jail posed a substantial risk of harm or that Sheriff Hefner or other Stoddard County officials knew or were deliberately indifferent to plaintiff's safety and health. Defendants contend that plaintiff's claim against Defendant Welborn is barred by the doctrine of absolute prosecutorial immunity. Finally, defendants argue that plaintiff failed to state a claim against Stoddard County upon which relief can be granted because plaintiff failed to assert that the alleged constitutional violations occurred as a result of an unconstitutional policy or custom. The undersigned will discuss defendants' claims in turn.

**I.      Plaintiff's Sixth Amendment Claims Against Defendant Hefner**

The Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. Const. Amend. VI.

"It is settled law in this circuit that the Sixth Amendment applies only from the date of commencement of the criminal prosecution." United States v. Skillman, 442 F.2d 542, 556 (8th Cir. 1971). See also Kirby v. Illinois, 406 U.S. 682, 689 (1972) (right to counsel does not attach until "the initiation of adversary judicial criminal proceedings – whether by way of formal charge, preliminary hearing, indictment, information, or arraignment").

Plaintiff asserts in his First Amended Complaint that Defendant Hefner planted evidence on him "at or near June 23, 2010 to July 6, 2010," and that he was prosecuted "from July 14, 2010 to July 19, 2012." (First Amended Complaint at ¶¶ 8, 9). Plaintiff's Sixth Amendment claims, therefore, occurred prior to his criminal prosecution. As a result, plaintiff has failed to state a Sixth Amendment claim against Defendant Hefner.

Plaintiff has also failed to state a claim against Defendant Hefner under any other legal theory. Plaintiff alleges that Defendant Hefner "and or his deputies planted evidence" on plaintiff "which in fact were recovered items from another defendant at or near June 23, 2010 to July 6, 2010." (First Amended Complaint, ¶ 8). Significantly, plaintiff fails to indicate what items were allegedly planted, and the manner in which the planting occurred. Plaintiff was given the opportunity to cure any deficiency in his Complaint when the court granted defendants' Motion for a More Definite Statement and directed plaintiff to file a First Amended Complaint. In his First Amended Complaint, however, plaintiff simply added a broad two-week time frame to his allegations and failed to provide facts supporting his claim. Plaintiff's allegations against Defendant Hefner are insufficient to "raise a right to relief above a speculative level." Twombly, 550 U.S. at 555.

To the extent plaintiff is alleging that Defendant Hefner is liable in his individual capacity for the planting of evidence by his deputies, this claim also fails. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909

F.2d 1203, 1208 (8th Cir. 1990). A § 1983 claim cannot, therefore, survive on a theory of respondeat superior liability. See, e.g. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). Plaintiff's claim that Defendant Hefner is liable in his individual capacity for the alleged planting of evidence by his deputies does not state a claim for which relief can be granted.

Plaintiff's official capacity claims against Defendant Hefner also fail. Naming a governmental official in his or her official capacity is the equivalent of naming the governmental entity that employs the official–here, Stoddard County. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). "A claim against a county is sustainable only where a constitutional violation has been committed pursuant to an official custom, policy, or practice." Johnson v. Blaukat, 453 F.3d 1108, 1114 (8th Cir. 2006) (citing Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658, 690-91 (1978)). Plaintiff's First Amended Complaint contains no allegations of a policy, practice or custom of Stoddard County.

Accordingly, plaintiff's claims against Defendant Hefner in his individual and official capacity regarding the alleged planting of evidence will be dismissed.

## II. Plaintiff's Conditions of Confinement Claim

"A prison official violates the Eighth Amendment only when two requirements are met." Farmer v. Brennan, 511 U.S. 825, 834 (1994). First, objectively, plaintiff's deprivation must be "sufficiently serious." Id. The defendants' conduct must result in the denial of the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Second, subjectively, the "prison official must have a sufficiently culpable state of mind." Farmer, 522 U.S. at 834. Thus, a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Id. at 837.

6

In his First Amended Complaint, plaintiff states that, "[a]s a result of [plaintiff]'s confinement in the Stoddard County [Jail] and but for his confinement in the Stoddard County Jail, he contracted Hepatitis C February or March 2011 and neuropathy October 2010." (First Amended Complaint, ¶ 10). Plaintiff further alleges that "Stoddard County, and Sheriff Carl Hefner had the duty to protect the plaintiff Shawn Yount from contracting both Hepatitis C and neuropathy." (Id. at ¶ 12). Plaintiff has failed to set forth allegations supporting a conditions of confinement claim. Plaintiff points to no facts regarding what conditions of confinement allegedly posed a significant risk to his health or safety. Plaintiff similarly fails to allege that Defendant Hefner or Stoddard County knew of and disregarded such a risk. Further, plaintiff has not alleged that his rights were violated as a result of a policy or custom of Stoddard County to support his claims against Stoddard County or his claim against Defendant Hefner in his official capacity.

Accordingly, plaintiff's condition of confinement claim against Defendants Hefner and Stoddard County will be dismissed.

**III.  Plaintiff's Claim Against Defendant Welborn**

Defendants argue that plaintiff's claim against Defendant Welborn is barred by the doctrine of absolute prosecutorial immunity.

"[I]n initiating a prosecution and in presenting the State's case, the prosecutor is [absolutely] immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity "does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." Imbler, 424 U.S. at 429. Prosecutors are only entitled to absolute immunity "when the prosecutor performs distinctly prosecutorial functions." McGhee v. Pottawattamie County, 547 F.3d 922, 933 (8th Cir. 2008). For example, absolute immunity does not apply when a prosecutor violated a person's rights by

7

"obtaining, manufacturing, coercing and fabricating evidence *before* filing formal charges, because this is not 'a distinctively prosecutorial function.'" Id. Additionally, prosecutors do not enjoy absolute immunity when they perform administrative or investigative functions. Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

In this action, plaintiff alleges that Defendant Welborn prosecuted him for "these actions," presumably the alleged planting of evidence on plaintiff, "when he knew these allegations were not true from July 14, 2010 to July 19, 2012." (First Amended Complaint, ¶ 9). Plaintiff further alleges that Defendant Welborn "maliciously prosecuted [plaintiff] knowing that said evidence was illegally planted in violation of the 6th Amendment of the United States Constitution." (Id., ¶ 15). Plaintiff's allegations against Defendant Welborn relate solely to the decision to file criminal charges against plaintiff, a "distinctly prosecutorial function." McGhee, 547 F.3d at 933. Thus, Defendant Welborn enjoys absolute immunity, and plaintiff's claims against him will be dismissed.

For the foregoing reasons, the court will grant Defendants' Joint Motion to Dismiss Plaintiff's First Amended Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss Plaintiff's First Amended Complaint (Doc. No. 19) be and it is **granted,** plaintiff's claims against Defendants Stoddard County, Carl Hefner, and Briney Welborn are **dismissed**.

A separate judgment will accompany this Memorandum and Order.

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd  day of December, 2013.